## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRACY A. JENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   23-02976 (UNA) |
| | ) | |
| | ) | |
| POLLY TROTTENBERG *et al*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Complaint and an application to proceed *in forma pauperis*.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted).

Plaintiff, a resident of Hayden, Idaho, has sued Acting Administrator of the Federal Aviation Administration (FAA) Polly Trottenberg and her husband, Mark Zuckerman.  *See* Compl., ECF No. 1 at 2, 4.  Plaintiff is a former air traffic controller who in several unsuccessful lawsuits has claimed that the FAA "breached a collective bargaining agreement by failing to implement a new pay system properly and to apply pay raises retroactively." *Jenson v. FAA*, 2012 WL 2308156, at *1 (D.D.C. June 11, 2012) (citing cases); *see Brodowy v. United States*, 482 F.3d 1370, 1374-75 (Fed. Cir. 2007) (concluding that Jenson and other plaintiffs "were not entitled to the benefits of the two-step increase in pay received by controllers who transferred at a time when the [General Schedule] system was in effect for all the facilities"); *Jenson v. Huerta*, 828 F. Supp. 2d 174, 177, 181 (D.D.C. 2011) (noting in dismissing consolidated cases on res judicata grounds

that *Brodowy* and those cases "clearly arise out of the same pay dispute" and that the "Federal Circuit's decision was final and made on the merits").

In this case brought under the diversity statute, Plaintiff, to the extent intelligible, reasserts the pay dispute claim and alleges that Defendants were informed about it or its consequences "approximately 60 days ago" when Zuckerman "signed for" a Fedex letter that was delivered to Defendants' home address in Washington, D.C.  Compl. at 4.   Plaintiff states that "this cause of action is for negligence in allowing the continuation of illegally-caused destitution, as at the time of my resignation as an Air Traffic Controller, I was being illegally deprived of $21,000 per year as a result of the incorrect distribution of $200 million in pay raises among Air Traffic Controllers[.]"  *Id*. (cleaned up).  Plaintiff seeks from Defendants "the minimum award in a 'diversity' case of 75,001 of their own money and/or property."  *Id*. at 5.

To state a claim of negligence, Plaintiff must allege plausible facts establishing that Defendants owed him a duty of care that they breached and, as a result, proximately caused his injury.  *See Findlay v. CitiMortgage, Inc.*, 813 F. Supp. 2d 108, 120 (D.D.C. 2011) (quoting *District of Columbia v. Fowler*, 497 A.2d 456, 463 n.13 (D.C. 1985)).  Plaintiff has pleaded no such facts, which is reason enough to dismiss the complaint.  But because the negligence claim is based on facts that have been "conclusively establish[ed]" against Plaintiff, it "fail[s] as a matter of law" under the doctrine of collateral estoppel or issue preclusion.  *Proctor v. Dist. of Columbia*, 74 F. Supp. 3d 436, 454 (D.D.C. 2014); *see Martin v. Dep't of Just.*, 488 F.3d 446, 454 (D.C. Cir. 2007) (explaining that collateral estoppel applies when, as here (1) the same issue now being raised was contested by the parties and submitted for judicial determination in the prior case; (2) the issue was actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3) preclusion in the second case would not work a basic unfairness to the party bound by the first

determination).   Consequently, this case will be dismissed with prejudice.   A separate order accompanies this memorandum opinion.


_____/s/_____
CHRISTOPHER R. COOPER

Date:  January 30, 2024                                           United States District Judge